**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PROGRESSIVE INSURANCE COMPANY** § | | **PLAINTIFF** |
| § | | |
| **VERSUS** § | | **CIVIL ACTION NO. 1:05cv37-DMR-JMR** |
| § | | |
| **MONACO COACH CORPORATION  and** § | | |
| **ATWOOD MOBILE PRODUCTS, INC.** § | | **DEFENDANTS** |

**ORDER GRANTING MOTION OF THE DEFENDANTS TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

BEFORE THE COURT is the Motion of the Defendants, Monaco Coach Corporation and Atwood Mobile Products, Inc., to Dismiss the Plaintiff's First Amended Complaint filed in this cause [Doc. No. 12].  And the Court, having carefully considered the motion and filings of the parties, as well as the record and applicable case law, finds that the motion is well taken and this cause should be dismissed.

I.  PROCEDURAL AND FACTUAL BACKGROUND

On December 13, 2004, Plaintiff Progressive Insurance Company ("Progressive") filed this lawsuit seeking to recover $113,500.00 in insurance benefits paid following a fire that destroyed a 1998 Holiday Rambler that its insured, Barry Barone, purchased over six and a half years earlier on May 8, 1998[1]. Progressive alleges that the fire was caused by the propane/electric water heater. The subject motor home was manufactured by Monaco Coach Corporation and the water heater installed therein was manufactured by Atwood Mobile Products, Inc (collectively, hereinafter referred to as "Defendants").

---

[1] Plaintiff submits that the motor home bore vehicle number 4UZ6XFBCXWC962826; the fire occurred on June 11, 2003, and the Progressive Insurance policy in issue is number 0096586-2.

After this lawsuit was filed, the Defendants timely removed the case to this Court on the basis of diversity of citizenship jurisdiction. On January 24, 2005, Defendants filed a motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, seeking a more definite statement of the claims alleged by Progressive in this action. On May 24, 2005, the Court granted the Defendants' motion and ordered the Plaintiff to file an Amended Complaint setting forth its theories of recovery in greater specificity. *See* Exhibit A to Defendants' Motion.

On June 30, 2005, Progressive filed its First Amended Complaint, in which it seeks damages for (1) strict liability and product defect under the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63, and (2) breach of implied and express warranties.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted).

In addition to the First Amended Complaint itself, this Court may properly consider for purposes of this motion the Clerk's record and the express warranties referenced in the Complaint, especially where those warranties are being sued upon. "[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." 5 Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure, § 1327, 762-63 (1990); *see also Horner v. Time Warner Operations Inc.*, 119 F. Supp. 2d 624, 627 n.4 (S.D. Miss. 1999).

### III. LEGAL ANALYSIS

This Court will address the Plaintiff's claims as set forth in the Defendants' Motion to Dismiss and the Court is of the opinion that the Defendants' Motion is well taken and should be granted.

### A. Progressive's Tort Claims Arising Out Of Strict Liability And Product Defect will Be Dismissed Under The Economic Loss Doctrine.

In Counts 2 and 3 of its First Amended Complaint, Progressive purports to state tort claims arising out of the fire that destroyed its insured's motor home. These tort claims, however, are not viable under Mississippi law, because Progressive has failed to allege any injury other than economic loss. Progressive seeks only to recover the purported cost of the destroyed vehicle. A review of Mississippi case law reflects that there can be no "recovery in strict liability or negligence for a product defect where that defect results in damage only to the product itself and thus causes only economic loss to its purchaser." *East Mississippi Elec. Power Ass'n v. Porcelain Prods. Co.*, 729 F. Supp. 512, 514 (S.D. Miss. 1990). *See also Lee v. General Motors Corp.*, 950 F. Supp. 170 (S.D. Miss. 1996); *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384 (Miss. Ct. App. 1999).

In *East Mississippi,* cited *supra,* the plaintiff brought a products liability action against the manufacturer of allegedly defective power line insulators. Damages sought by the plaintiff included (1) repairs to the distribution systems; (2) loss of good will; and (3) costs, expenses and other damages from delays in expansion and upgrade of the existing power systems. *East*

*Mississippi,* 729 F. Supp. at 514. The Court, through an *Erie* analysis, concluded that the Mississippi Supreme Court, like the overwhelming majority of jurisdictions, would hold: "[A] plaintiff who suffers only economic loss as the result of a defective product may have no recovery in strict liability or negligence, though such damages may be pursued under a breach of warranty theory of liability." *Id.*

The decision of the *East Mississippi* Court is based, in large part, on the identity of the purchaser – an individual consumer who suffers physical injury as the result of a product that is defective versus an individual who suffers only economic injury as the result of a product that does not perform as expected based on the manufacturer's express or implied warranties. The Court explained its rationale as follows:

> The law of sales has been carefully articulated to govern the economic relations between suppliers and consumers of goods. The history of the doctrine of strict liability in tort indicates that it was designed, not to undermine the warranty provisions of the sales act or the Uniform Commercial Code but, rather, to govern the distinct problem of physical injuries.
>
> ....
>
> The distinction the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the "luck" of one plaintiff having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms and conditions that create unreasonable risks of harm .... A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. **Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone.**

*Id.* at 514-15 (quoting *Seely v. White Motor Co.*, 403 P.2d 145, 149-51 (Cal. 1965) (emphasis added). *See also* W. PROSSER AND W. KEETON, THE LAW OF TORTS § 95 (observing that the Uniform Commercial Code is generally regarded as the exclusive source for ascertaining a seller's liability for damages in claims based on economic loss that are not attributable to personal injury or property damage).

Although the Mississippi Supreme Court has not yet considered the issue of whether economic loss alone can be the basis for a products liability or negligence claim, the Mississippi Court of Appeals adopted the rationale of the federal courts and held damages for economic loss cannot be recovered under theories of tort. *See State Farm Mut.,* 736 So. 2d at 388. The Plaintiff submits that the instant case is distinguishable from the rationale in *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.,* 736 So. 2d 384 (Miss. Ct. App. 1999) and contends that Atwood should be liable for the water heater as the economic loss rule does note apply to the water heater but the motor home. However, the "other property" exception to the economic loss rule, the exception asserted by Progressive, does not apply to cases such as the case *sub judice* involving damage caused to an integrated product by a component part. Specifically, "[d]amage by a defective component of an integrated system to either the system as a whole or other system components is not damage to 'other property' which precludes the application of the economic loss doctrine." *Wausau Tile, Inc. v. County Concrete Corp.*, 593 N.W.2d 445, 452 (Wisc. 1999) (citing , *inter alia*, *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986). *See also* Restatement (Third) of Torts §21 cmt. e (1997); *Casa Clara Condominium Association v. Charley Toppino and Sons, Inc.* 620 So.2d 1244 (Fla. 1993); *Prendiville v. Contemporary Homes, Inc.*, 83 P.3d 1267, 32 Kan.App.2d 435 (Kan. App. 2004). The Defendants submit and

this Court agrees that the instant case is indistinguishable from *Casa Clara* and *Prendiville* as the RV is essentially a home on wheels.[2] The RV was purchased as a single integrated product.[3]

In the instant case, the sole basis for Progressive's suit is the recovery of economic damages for the value of the vehicle, or, more precisely, the amount of the property claim it paid to its insured. There are no allegations whatsoever that the fire or the alleged defect resulted in personal injury or similar harm. Indeed, the Complaint itself makes clear that the motor home was not being used at the time the fire occurred (no one injured).  Accordingly, as Progressive seeks only damages for economic loss under Counts 2 and 3, said claims will be dismissed under *East Mississippi, State Farm Mut. Auto. Ins. Co.,* v. *Ford Motor Co.* and other cases cited above applying Mississippi law.

---

[2] As Defendants submit, courts have applied the reasoning set forth above in a number of cases, including cases involving motor vehicles. Specifically, other courts considering this question have concluded that the vehicle itself *is* not "other" property when a component's malfunction destroys or damages that vehicle. *See, e.g., Dairyland Ins. Co. v. General Motors Corp.,* 549 So. 2d 44, 46 (Ala. 1989); *Progressive Ins. Co. v. General Motors Corp.,* 749 N.E.2d 484, 487-88 (Ind. 2001); *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.,* 572 N.W.2d 321, 325 (Minn. App. 1997); *Jones v, General Motors Corp.,* 631 A.2d 665 (Pa. Super. Ct. 1993); *Tennessee Farmers Mut. Ins. Co. v. Ford Motor Co.,* 2002 WL 1332492, *6 (Tenn. App. 2002).

[3] Progressive's similar attempts to avoid the economic loss rule have failed in the past. For instance, in *Progressive Insurance Co. v. Monaco Coach Corp.,* Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 03-4289, Progressive argued without success that fire damage to an RV caused by component parts and appliances was actionable in tort. *See* Exhibit A to Defendants' Reply. The Court, however, held as follows:

> Absent personal injury or damage to other property, Florida's Economic Loss Rule bars any recovery for the alleged "economic losses." Here the "product" purchased by the Plaintiff's insured was a *completed* motor home, including its component parts such as the refrigerator and electrical system. Thus, damage caused to the motor home by or to such component parts incorporated into the finished motor home cannot constitute "other property" so *as* to exclude application of the Economic Loss Rule.

B.      **Progressive's Express Warranty Claims Should Be Dismissed Because The Alleged Defect Did Not Occur During The Applicable Warranty Periods.**

Progressive's express warranty claims fail as a matter of law because the alleged defect concerning the water heater did not occur until June 11, 2003, or well outside the warranty period as to both Atwood and Monaco. Compl. at ¶ 3. The Atwood Water Heater Limited Warranty states as follows, in pertinent part:

> Atwood Mobile Products warrants to the original owner and subject to the below mentioned conditions, that this product will be free from defects in material or workmanship **for a period of two years from the original date of purchase.**

*See* Exhibit B to Defendants' Motion (emphasis added). The Monaco/Holiday Rambler Limited Warranty includes a the same limitation, except that it expires after a period of "12 months or 24,000 miles, whichever occurs first." *See* Exhibit C to Defendants' Motion.

The undisputed date of purchase is May 8, 1998. Therefore, the Atwood warranty expired on May 8, 2000, while the Monaco/Holiday Rambler warranty expired one year earlier, or May 8, 1999. As a result, the defect that occurred on June 11, 2003, is at least three years removed from these express warranty periods; as a matter of law, Progressive cannot assert any express warranty claim under either warranty. Progressive's claim for breach of express warranty will be dismissed on this basis.

C.      **Progressive's Implied and Express Warranty Claims Are Time-Barred Under Miss.  Code Ann.** § 75-2-725.

Additionally, Progressive's implied and express warranty claims are also barred under Mississippi's six-year statute of limitations, which reads as follows, in pertinent part:

> 1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.

>   2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. **A breach of warranty occurs when tender of delivery is made**....

Miss. Code Ann. § 75-2-725 (emphasis added). As set forth above, the indisputable date of purchase (*i.e.*, tender and delivery) of the vehicle and water heater in question is May 8, 1998. The Clerk's Record shows that Progressive did not file this lawsuit until December 13, 2004, which is more than six years later. Therefore, Progressive's claims are barred as a matter of law. *See Robinson v. General Motors Corp.,* 150 F. Supp. 2d 930, 934 (S.D. Miss. 2001).

Furthermore, as to the express warranty claim, Progressive has not shown that this case fits within the "future performance" exception of § 75-2-725(2) because the Monaco and Atwood warranties do not expressly promise future performance.[4] To the contrary, each of these warranties are "repair and replace" warranties. A "repair and replace" warranty is an express warranty that the promise to repair will be honored and such warranty does not guarantee the product's performance in the future; rather, it provides that if a product fails or becomes defective, the seller or manufacturer will repair or replace within a stated period. *Crouch v. General Electric Co.,* 699 F. Supp. 585, 594 (S.D. Miss. 1988), *citing Ontario Hydro v. Zallea Systems, Inc.,* 569 F. Supp. 1261 (D. Del. 1983). Accordingly, the time period contained in the warranty relates only to the remedy. It is rare that a written warranty is ever construed to involve an explicit promise of future performance. *See Crouch,* 699 F. Supp. at 594 ("[O]nly rarely has an express warranty been held to be a warranty explicitly extended to future performance.").

---

[4] Even if Progressive were able to show that the Atwood and Monaco express warranties promise future performance, Progressive's claims on these express warranties fail because the alleged defect did not arise until more than three years outside the express warranty period as set forth herein, at Part B, *supra.*

In the instant case t is clear that neither Monaco's nor Atwood's Limited Warranties explicitly promise that the RV or the water heater would not malfunction. Rather, the promise is that if a malfunctioned later occurred, the malfunction/defect would be repaired. Accordingly, these Limited Warranties do not explicitly extend to future performance. As such, under § 75-2-725, Plaintiffs' causes of action accrued when tender of delivery was made, making the instant Complaint time-barred.

With regard to Plaintiffs' breach of implied warranty cause of action, an implied warranty, by simple definition, cannot "explicitly" extend to future performance and is patently time-barred. *See Rutland v. Swift Chem. Co.,* 351 So. 2d 324, 326 (Miss. 1977) (holding that the plaintiff's implied warranty claim was not a warranty for future performance and was therefore time-barred). Accordingly, Progressive's implied and express warranty claims are therefore time-barred as a matter of law.

### IV. CONCLUSIONS OF LAW

As a matter of law, Progressive cannot recover under the theories asserted in her complaints. Firstly, Progressive's strict liability and product defect claims must be dismissed under Mississippi's economic loss doctrine because of the absence of any personal injury resulting from the alleged defect. Secondly, Progressive's express warranty claims must be dismissed because the alleged defect occurred over three years after the Monaco and Atwood warranty periods ended. And, finally, Progressive's warranty claims, including those based on implied warranties, must be dismissed under the applicable statute of limitations, Miss. Code Ann. § 75-2-725, because Progressive filed this action more than six years after tender of delivery to its insured.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Defendants, Monaco Coach Corporation and Atwood Mobile Products, Inc., to Dismiss the Plaintiff's First Amended Complaint filed in this cause [Doc. No. 12], be and is hereby **GRANTED** and this cause is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a Final Judgment shall be entered in this cause.

**SO ORDERED AND ADJUDGED** this the   29th   day of March, 2006.


                                                            **/S/   DAN M. RUSSELL, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**